UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LESLIE EDWARD GOODMAN, #302947,

       Petitioner,

v.                                    ACTION NO. 2:04cv620

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Leslie Edward Goodman ("Goodman") was convicted in the Circuit Court of Amelia County, Virginia on November 8, 2001,[1] of possession of a firearm by a convicted felon and was sentenced to five years imprisonment.

---

[1] The Court notes that the conviction and sentencing order was signed on November 8, 2001. Petitioner references the November 1, 2001 hearing date. This difference does not affect the habeas statute of limitations calculation.

Goodman appealed to the Court of Appeals of Virginia, which denied his appeal on June 17, 2002. Goodman did not appeal to the Supreme Court of Virginia.

On April 20, 2004, Goodman filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. On June 17, 2004, the court dismissed the petition, finding that it was not timely filed in accordance with Virginia's habeas statute of limitations, Virginia Code § 8.01-654(A)(2). The court dismissed Goodman's petition for rehearing on October 1, 2004.

On October 7, 2004, while in the custody of the James River Work Center in State Farm, Virginia, Goodman filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On

---

[2] Goodman executed and dated the instant petition on October 7, 2004. He delivered it for mailing and it was mailed on the same day on October 7, 2004 as indicated by the postmark. On November 10, 2004, the Court entered an order conditionally filing the petition, and on December 2, 2004, the Court ordered that the petition be filed after Goodman had paid the filing fee. The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. The Court also notes that the Court of Appeals for the Fourth Circuit has reserved the question of whether the prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), extends to an application for collateral review filed in district court. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001); United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000). Nevertheless, the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in applications for collateral review in district court. Accordingly, for statute of

December 27, 2004, the respondent filed a Motion to Dismiss accompanied by a brief in support. Goodman filed a response to respondent's motion to dismiss on January 5, 2005.

### B. Grounds Alleged

Goodman now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

>   (a) Petitioner was denied the effective assistance of counsel, in that defense counsel failed to object when the Commonwealth did not prove that the alleged firearm that formed the basis for Petitioner's conviction was in fact a firearm within the meaning of Virginia Code § 18.2-308.2;
>
>   (b) Petitioner's rights to due process were violated in that the Commonwealth's Attorney had a conflict of interest, because he had represented Petitioner in 1990 in a similar case;
>
>   (c) Petitioner's rights to due process were violated in that at trial the evidence regarding the date on which Petitioner had illegally possessed the firearm differed from the date charged in the indictment;
>
>   (d) Petitioner's rights to due process were violated in that the evidence was insufficient to convict him because the Commonwealth failed to enter into

---

limitations purposes, the Court adopts the prison mailbox rule for federal habeas petitions and considers Goodman's petition as filed on the day he gave it to prison officials to mail on October 7, 2004. See Lewis v. Richmond City Police Dept., 947 F.2d 733, 735-36 (4th Cir. 1991).

3

        evidence the shotgun that formed the basis for Petitioner's conviction; and

(e) Petitioner was denied the effective assistance of counsel, in that defense counsel failed to raise claims (b), (c), and (d) at trial or on appeal;

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Goodman's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ....

28 U.S.C. § 2244(d)(1)(A).

Goodman had one year from the date on which his conviction became final to file a petition for federal habeas corpus. His conviction became final on July 17, 2002, thirty days after the June 17, 2002 refusal of his petition for appeal by the Court of Appeals of Virginia and the date upon which the period for seeking direct review of his conviction by the Supreme Court of Virginia expired. See Va. Sup. Ct. R. 5:14(a), 5:17(a)(2). Therefore, Goodman had until July 17, 2003, to file his federal petition for a writ of habeas corpus. Goodman did not file the instant federal petition until October 7, 2004, which was approximately one year and eighty-two days after and outside the limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction review remains pending. 28 U.S. § 2244(d)(2). In this case, Goodman did not even execute his state petition for a writ of habeas corpus in the Virginia Supreme Court until March 21, 2004, which was approximately eight months after the federal one-year limitation period had expired on July 17, 2003. Thus, the statutory tolling provision could be of no benefit to Goodman's federal petition even if it had been a "properly filed" application under Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In his response to Respondent's Motion to Dismiss, Goodman appears to argue that any failure to timely file his federal petition for a writ of habeas corpus should be excused because he is actually innocent. Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustices would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d

5

489, 494 (E.D.Va. 2002).

To establish actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Moreover, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

Goodman merely claims actual innocence, apparently relying on his habeas claims, and he presents no new evidence. A mere claim of actual innocence does not constitute an exceptional circumstance sufficient to justify equitable tolling. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Even if it were sufficient, Goodman fails to show any circumstances, attributable to the respondent or any other external cause, which prevented him, in the exercise of due diligence, from discovering any relevant facts soon enough for him to file a timely federal habeas petition. See Flanders v. Graves, 299 F.3d 974, 977-78 (8th Cir. 2002); Workman v. Bell, 227 F.3d 331, 342 (6th Cir. 2000) ("[I]f a prisoner purposefully or by inadvertence lets the time run under which he could have filed his petition, he cannot file a petition beyond the statutory time, even if he claims 'actual innocence.'").

As such, the Court FINDS that Goodman has failed to allege sufficient facts to demonstrate extraordinary circumstances which were beyond his control or external to his own conduct, and which

prevented him from filing on time.  Accordingly, the Court FINDS that Goodman is not entitled to equitable tolling of the statute of limitations and that the petition is time-barred.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Goodman's petition for writ of habeas corpus be DENIED, the respondent's motion to dismiss be GRANTED, and all of Goodman's claims be DISMISSED WITH PREJUDICE.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely

objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

ENTERED this 25th day of May, 2005.

                                                          /s/
                                           F. Bradford Stillman
                                           United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

    Leslie Edward Goodman, #302947
    James River Work Center
    State Farm, Virginia 23160

    Robert H. Anderson, III
    Office of the Attorney General
    900 E. Main Street
    Richmond, Virginia 23219

    Elizabeth H. Paret, Clerk

By: _____
    Deputy Clerk

    May   , 2005